# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-0733 GAF (SSx) | Date | June 9, 2010 |
|---|---|---|---|
| Title | Mediterranean Shipping Company SA v. Ningbo Toptrade Imp Exp Co Ltd et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**     (In Chambers)

## ORDER TO SHOW CAUSE

     Plaintiff brings this case under the Court's admiralty and maritime jurisdiction. The Court previously dismissed the case based on its conclusion that no such jurisdiction existed in this case, which in the Court's view sounded in tort. Plaintiff sought review in the Ninth Circuit where it argued that its "claims for indemnity and declaratory relief arise from a bill of lading . . . ." Mediterranean Shipping Co., S.A. v. Ningbo Toptrade Imp. Exp. Co., 328 F. App'x 363, 364 (9th Cir. 2009). In a memorandum disposition, the circuit, without analysis of this Court's reasoning or reference to the underlying facts, reversed and remanded the action for further proceedings. Id.

     Having now permitted the case to proceed, and having undertaken consideration of the facts in connection with Plaintiff's attempt to obtain a default judgment, the Court fails to understand how Plaintiff could have argued that any recovery sought from Ningbo Toptrade and the other defendants arises under the bill of lading. Indeed, the case is premised entirely on the proposition that Defendants were strangers to the bill of lading and, through a series of tortious acts, sought possession of the cargo at issue in this case. Because the Ninth Circuit's prior mandate did not conclusively decide whether this Court maintains subject matter jurisdiction, and invited the Court to "analyze [the indemnity and declaratory relief] claims in the first instance," the Court returns to the question of subject matter jurisdiction.

     The complaint's first cause of action sought indemnity from Defendants for any judgment

**LINKS: 77, 81, 82**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0733 GAF (SSx) | Date | June 9, 2010 |
|---|---|---|---|
| Title | Mediterranean Shipping Company SA v. Ningbo Toptrade Imp Exp Co Ltd et al | | |

arising out of a lawsuit against Plaintiff filed by Trafigura Beheer BV and Shanghai HMC Co. Ltd. (the "London Claimants"). (Compl. ¶¶ 17-21.) While the Ninth Circuit suggests Plaintiff "seeks indemnity for its liability for breach of a bill of lading," Mediterranean Shipping, 328 F. App'x at 364, the indemnity claim does not appear to arise from any contract. Instead, the claim for indemnity is necessarily grounded in some form of common law or statutory right to indemnification because Defendants were not parties to the bill of lading governing the carriage of goods from South Africa to Shanghai. This conclusion finds support in Plaintiff's complaint which specifically describes "Defendants' wrongful and tortious conduct" as the basis for the indemnity claim.

Plaintiff also argued that its declaratory relief claim arises from a bill of lading because the claim seeks "a declaration of which party's bill of lading is authentic." Id. However, Plaintiff's declaratory relief claim is based not on an attempt to enforce rights under the bill of lading but rather to use that document to prove that Defendants' presented a fraudulent document in furtherance of a scheme to defraud. Such a claim sounds not in contract, but in tort. Moreover, Plaintiff's fraud and conversion claims will determine whether Defendants' bill of lading is fraudulent, and the declaratory relief claim, in the Court's view, is duplicative.

Before any further steps are taken with respect to the motion for default judgment, these issues must be addressed. Plaintiff is **ORDERED** to show cause why this case should not be dismissed on jurisdictional grounds. Plaintiff's response addressing the Court's concerns is due no later than **Monday, June 28, 2010**.

The hearing regarding Plaintiff's motion for default judgment scheduled for June 14, 2010 is hereby **VACATED**.

**IT IS SO ORDERED.**